IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RONALD GUILBEAU | § | |
| v. | § | CIVIL ACTION NO. 9:06cv90 |
| DONALD GUILBEAU, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Ronald Guilbeau, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On April 21, 2006, Guilbeau was ordered to correct his application for leave to proceed *in forma pauperis* by furnishing a certified *in forma pauperis* data sheet, as required by 28 U.S.C. §1915(a)(2). Guilbeau received a copy of this order on April 24, 2006, but to date has not complied, nor has he responded in any way. Since that date he has filed a motion for appointment of counsel, and amended complaint, and objections to the Magistrate Judge's Report, but he has not responded to the April 21 order.

On June 19, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Guilbeau filed objections to this Report on June 27, stating that he had sought an extension of time in which to comply; however, no such motion appears on the docket, and Guilbeau has had ample time in which to comply in any event.

However, Guilbeau's lawsuit also suffers from a more serious flaw. In his original and amended complaints, he makes clear that the named Defendants in the case are individuals in the free

1

world, including Donald Guilbeau, Debra Guilbeau, Leanne Guient, and an unnamed "radio advertiser," and prison inmates, whom he says attempted to extort him out of money. Guilbeau does not name a single state actor as a defendant in his lawsuit. In addition, his original complaint specifically states that he has not exhausted available administrative remedies, although given the lack of any state actors as defendants, it is not clear that any administrative remedies exist.

The Fifth Circuit has held that for liability to exist under the Civil Rights Act, 42 U.S.C. 1983, there must be action by the defendant under color of state law. Hagerty v. Succession of Clement, 749 F.2d 217, 221 (5th Cir. 1984). In this case, Guilbeau has not shown that any of the Defendants whom he has named were acting under color of state law. Consequently, he cannot maintain a Section 1983 action in the absence of state action, and his lawsuit may be dismissed on this basis as well.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court, with the addition that Guilbeau's lawsuit may also be dismissed because he does not name any state actors as defendants and he does not show that he has exhausted any administrative remedies which may be available. It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court, and as frivolous and for failure to exhaust such administrative remedies as may exist. It is further

ORDERED that this dismissal shall count as a strike for purposes of 28 U.S.C. §1915(g). See Patton v. Jefferson Correctional Center, 136 F.3d 458, 463 (5th Cir. 1998); Lyle v. Anderson, 77 Fed.Appx. 734 (5th Cir., October 10, 2003) (not selected for publication in the Federal Reporter) (citing Jefferson in holding that cases dismissed without prejudice may count as strikes). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **21** day of **July, 2006.**

_____
Thad Heartfield
United States District Judge